# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Records and information associated with the cellular device assigned call number 262-226-7378 (Target Cell Phone), further described in Attachment A | Case No. 26-827M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   1/27/2026   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Nancy Joseph  .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   20   days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   1/13/2026 @ 4:27 p.m.           *[signed] Nancy Joseph*
                                                                                 *Judge's signature*

City and state:   Milwaukee, Wisconsin           Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                                 *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                    *Executing officer's signature*

                                                    *Printed name and title*

# ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the cellular device assigned **call number 262-226-7378** (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 4 Sylvan Way Parsippany, New Jersey 07054.

2. The Target Cell Phone.

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from November 1, 2025 to the present:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

b. Information associated with each communication to and from the Target Cell Phone for a period of 20 days from the date of this warrant, including:

   i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

   ii. Source and destination telephone numbers;

   iii. Date, time, and duration of communication; and

   iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

c. Information about the location of the Target Cell Phone for a period of 20 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that will assist in arresting Dr. Joseph James Nantomah (DOB: 12/31/1976), who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Records and information associated with the cellular device assigned call number 262-226-7378 (Subject Cell Phone), further described in Attachment A | )<br>)<br>)  Case No. 26-827M(NJ)<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1343 | Wire fraud |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of  20  days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Hailey Wirtz, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by  telephone  *(specify reliable electronic means)*.

Date: 1/13/2026

*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Hailey Wirtz, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **262-226-7378 (the "Target Cell Phone")**, whose service provider is T-Mobile ("Service Provider"), a wireless telephone service provider headquartered at 4 Sylvan Way Parsippany, New Jersey 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. This warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4).

3. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since January 2025. As a Special Agent, I've received training in complex financial crimes, including the identification, investigation, and documentation of fraudulent financial activity. Based on my professional experience, mobile phones are valuable tools for locating individuals involved in criminal activity through call records, GPS data, and associated digital activity. For subjects who frequently change locations, phone data helps accurately establish movement patterns, supporting safer and more efficient arrest or search efforts.

4. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses.

This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. A criminal complaint and arrest warrant for Dr. Joseph James Nantomah (DOB: 12/31/1976) has been submitted simultaneously with this search warrant. There is probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and arresting Nantomah, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

**Background**

7. The federal arrest warrant for Nantomah is based on a criminal complaint establishing probable cause that Nantomah violated Title 18, United States Code, Section 1343 (wire fraud) by operating a fix-and-flip real estate investment scheme.

8. The Federal Bureau of Investigations (FBI) and Internal Revenue Service, Criminal Investigation (IRS-CI) have been investigating Nantomah since February 2025. Through this investigation, case agents learned that Nantomah has defrauded numerous investors in a fix-and-flip real estate investment scheme between 2020 and 2025 through his companies Investors Capital LLC, Global Investors Capital LLC, High Income Performance Partners LLC, and Wealth Flow LLC. A fix-and-flip real estate investment involves investors purchasing properties in need of repair, renovating them, and then selling them for a profit.

**262-226-7378 (the "Target Cell Phone")**

9. On September 19, 2024, AxePoint Law deposed Nantomah as part of case number 2024CV001490, which is a lawsuit filed by their client against Nantomah and his businesses, Global Investors Capital LLC and High Income Performance Partners LLC. During this deposition, Nantomah stated that **262-226-7378 (the "Target Cell Phone")** is his phone number.

10. The following corporate paperwork filed by Nantomah with the Wisconsin Department of Financial Institutions lists his phone number as **262-226-7378 (the "Target Cell Phone")**:

   a. The Form 5-Domestic Limited Liability Company Annual Report for Global Investors Capital LLC, dated 03/15/2024.

   b. The Form 5-Domestic Limited Liability Company Annual Report for Investors Capital LLC, dated 08/15/2023.

   c. The Form 5-Domestic Limited Liability Company Annual Report for Investors Capital LLC, dated 02/15/2024.

11. Throughout the scheme, Nantomah has communicated with victim investors and others using phone number, **262-226-7378 (the "Target Cell Phone")**. Three separate complaints investors filed with the Wisconsin Department of Financial Institutions against Nantomah state that Nantomah's phone number is **262-226-7378 (the "Target Cell Phone")**.

12. On January 7, 2026, I spoke to Investor with initials D.M. D.M. communicated with Nantomah via text message at his phone number **262-226-7378 (the "Target Cell Phone")**. The last time Nantomah messaged D.M. from this phone number was on December 27, 2025.

13. On January 7, 2026, T-Mobile provided records pursuant to a subpoena for phone number **262-226-7378 (the "Target Cell Phone")**. These records show Josef Nantomah of 597 Prembridge Ct, Orange Park, FL 32073, is the current active subscriber for phone number **262-**

3

226-7378 (the "Target Cell Phone"). Toll records show multiple incoming and outgoing phone calls as recently as January 6, 2026.

**Nantomah's Whereabouts**

14. In July 2025, FBI personnel conducted a search of the Florida Driver and Vehicle Information Database for information relating to Nantomah. The search indicated Nantomah's address was at 597 Pembridge Court, Orange Park, Florida, 32073.

15. In September 2025, FBI personnel surveilled the residence at 597 Pembridge Court, Orange Park, Florida, 32073, on approximately six separate occasions. During three of these surveillances, Nantomah was observed in the area of the residence as well as leaving and entering the residence. On each of these three occasions, Nantomah was observed as the driver of a 2017 Gray GMC Yukon with the Florida license plate "MENTOR1". Clay County property records indicate that the property is owned by Corlix Holdings LLC of Jacksonville, Florida.

16. In October 2025, sensitive financial records regarding Nantomah's bank account indicate a payment of $1,000 to Corlix Holdings LLC on 10/14/2025.

17. Throughout October and November 2025, sensitive financial records regarding Nantomah's bank account show recent financial activity in or around Orange Park, FL.

18. In December 2025, sensitive financial records indicated Nantomah made a payment to BCHH Florida Escrow with the memo "2460 Franciscan Dr Apt 44 Clearwater FL 33763". On January 6, 2026, FBI personnel surveilled the residence at 2460 Franciscan Drive, Apartment #44, Clearwater, Florida, 33763, where Nantomah was observed leaving and entering the residence. Additionally, on this occasion Nantomah was observed as the driver of a 2018 Gray Mercedes-Benz with the Florida license plate "72FTAI".

19. An updated search of the Florida Driver and Vehicle Information Database was conducted for information relating to the 2018 Gray Mercedes-Benz, license plate "72FTAI" and

4

Nantomah. The search indicated the owner of the vehicle being "LEGIT MEDIA AND PRODUCTIONS LLC" with the address listed as 597 Pembridge Court, Orange Park, Florida, 32073 as of December 8, 2025, and that Nantomah listed an address of 597 Pembridge Court, Orange Park, Florida, 32073 as of November 4, 2025. A search of the Florida Department of State's Division of Corporations indicated that the registered agent of "LEGIT MEDIA AND PRODUCTIONS LLC" is Joseph J. Nantomah.

20. Throughout December 2025 and January 2026, investigative methods to locate the 2018 Gray Mercedes-Benz, license plate "72FTAI" indicates travel of the vehicle between the vicinities of both locations of 597 Pembridge Court, Orange Park, Florida, 32073 and 2460 Franciscan Drive, Apartment #44, Clearwater, Florida 33763 on a regular basis. These two addresses are approximately 198 miles apart.

21. Because of Nantomah's connection to two residences 198 miles apart and his travel between both residences, there is probable cause that the requested information will allow law enforcement to execute the arrest warrant issued in the Eastern District of Wisconsin for Nantomah's arrest.

## TECHNICAL BACKGROUND

22. In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas,

and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

**Cell-Site Data**

23. Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

**E-911 Phase II / GPS Location Data**

24. I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart,

6

Case 2:26-mj-00827-NJ    Filed 01/13/26    Page 13 of 20    Document 1

even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

**Pen-Trap Data**

25. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

**Subscriber Information**

26. Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless

7

providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute relevant evidence that could lead to the arrest of the person to be arrested because the information can be used to identify the Target Cell Phone's user or users.

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28. I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

29. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

30. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 20 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result,

8

Case 2:26-mj-00827-NJ    Filed 01/13/26    Page 15 of 20    Document 1

as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to change patterns of behavior and flee from arrest. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

31. Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

# ATTACHMENT A

## Property to Be Searched

1. Records and information associated with the cellular device assigned **call number 262-226-7378** (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 4 Sylvan Way Parsippany, New Jersey 07054.

2. The Target Cell Phone.

# ATTACHMENT B

## Particular Things to be Seized

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from November 1, 2025 to the present:

  i. Names (including subscriber names, user names, and screen names);

  ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii. Local and long distance telephone connection records;

  iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  v. Length of service (including start date) and types of service utilized;

  vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received).

b. Information associated with each communication to and from the Target Cell Phone for a period of 20 days from the date of this warrant, including:

   i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

   ii. Source and destination telephone numbers;

   iii. Date, time, and duration of communication; and

   iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication.

c. Information about the location of the Target Cell Phone for a period of 20 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that will assist in arresting Dr. Joseph James Nantomah (DOB: 12/31/1976), who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.